**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

KENNY ROBERTSON,
    Petitioner,

vs.                                    Case No. 3:04cv135/RV/MD

JAMES R. MCDONOUGH,
    Respondent.

_____

## ORDER

      This cause is before the court upon referral from the clerk. On September 18, 2006 this court issued an order setting an evidentiary hearing on one of the claims raised in petitioner's amended habeas corpus petition. (*See* docs. 13, 31). The issue to be considered at the hearing was limited to whether, as petitioner claimed, his attorney promised him a 15-year cap if he pleaded guilty or *nolo contendere*, or whether, as discussion at the sentencing hearing suggested, petitioner knowingly pleaded straight up with no guarantee as to the length of sentence. (Doc. 31). The court appointed the Office of the Federal Public Defender to represent petitioner at the hearing, "but not thereafter." (Doc. 30).

      On December 8, 2006 the parties filed an "Emergency Joint Motion to Suggest that Evidentiary Hearing is Moot and Also that Federal Habeas Relief is Premature." (Doc. 39). In support of their motion, the parties stated that "[b]oth petitioner and respondent believe that the production of the [plea hearing] transcript on its own appears to obviate the need for the evidentiary hearing, as it is clear from the transcript that all of the possibilities were discussed with the petitioner and that no promises were made to him about a certain length of sentence." (Doc. 39, p. 3). The parties went on to advise, however, that the plea

transcript showed that petitioner never actually entered a plea on the record, and therefore, it appeared petitioner had an "undiscovered state court issue that will need to be raised and resolved before his federal claim is ripe for review." (*Id.*). The parties asked the court to cancel the evidentiary hearing and dismiss or stay the pending amended habeas petition in order to allow petitioner to return to state court and litigate the issue of whether his sentence for offenses to which he never actually pleaded was a legal sentence. (*Id.*, p. 4).

On December 8, 2006 the court issued an order granting the requested relief in part. (Doc. 40). The court continued the evidentiary hearing, directed the respondent to report to the court within ninety days as to the progress of any state court proceedings, and advised the parties that "[b]eyond notifying the petitioner of recent events, the Office of the Federal Public Defender is relieved of any responsibility in this matter until further notice." (Doc. 40).

The respondent has now filed a status report, indicating that after speaking with "petitioner's counsel," he has been advised of the following:

> [W]hile Petitioner has indicated that he wishes to pursue a state court resolution to his matter, to wit, attempting to withdraw his plea or to move to have his conviction found illegal as he contends that he never entered his plea on the record in open court, [t]o date, . . . no action has been taken on the matter in state court and the Petitioner has informed his counsel that he wishes to pursue the matter in state court on his own behalf.

(Doc. 43). The respondent states that he "has no further information as to why the stay of this hearing should not be continued further." (Doc. 43, p. 2).

There is no basis to stay the habeas petition now pending before this court. The issue upon which the evidentiary hearing was based can now be resolved, and there has been no effort on the part of petitioner to amend his present petition to assert the claim he purportedly desires to pursue in state court (hereinafter "unexhausted claim"). In other words, the present amended petition does not present a "mixed petition" subject to the "stay-and-abeyance" procedure.

Accordingly, it is ORDERED:

1. The clerk is directed to remove The Office of the Federal Public Defender as counsel of record for petitioner.

2. The clerk is directed to forward to petitioner a form for use in actions under 28 U.S.C. §2254. This case number should be written on the form.

*Case No: 3:04cv135/RV/MD*

3.  Within **thirty (30) days** of the date of this order, petitioner, **proceeding *pro se*,** shall file the following: (1) a motion to amend his amended habeas corpus petition, (2) a proposed second amended habeas corpus petition which includes the unexhausted claim concerning the alleged non-existent plea, and (3) a motion to stay.  To amend his petition, petitioner should completely fill out the § 2254 form, marking it "**Second Amended Petition**."  Petitioner is advised that the second amended petition must contain all of his grounds for relief, and it should not in any way refer to the previously filed materials.  Once an amended petition is filed, all earlier petitions are disregarded.  N.D. FLA. LOC. R. 15.1.

4.  Within the same time period, petitioner shall serve a copy of the foregoing upon counsel for respondent.

5.  If petitioner fails to file the foregoing within the prescribed time period, the undersigned will construe such action as indicating that petitioner declines to pursue the unexhausted claim in state court and this court, and that he desires to proceed on the amended petition now pending in this court (doc. 13).

DONE AND ORDERED this 15th day of March, 2007.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**